1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  MELODY WEST and MARK WEST,          No. 2:09-cv-02817-MCE-GGH

12          Plaintiffs,

13       v.                            MEMORANDUM AND ORDER

14  ERIC H. HOLDER, et al.,

15          Defendants.

16                        ----oo0oo----

17

18      Through the present action, Plaintiffs Melody West and her

19  father, Mark West, ("Plaintiffs") seek declaratory relief from

20  the Department of Homeland Security's ("DHS") denial of Melody

21  West's application for adjustment of her immigration status.

22  Plaintiffs also seek a writ of mandamus compelling Defendants

23  Eric H. Holder, U.S. Citizenship and Immigration Service

24  ("USCIS"), Janet Napolitano, Alejandro Mayorkas, and Susan M.

25  Curda (collectively "Defendants") to complete the adjudication of

26  Melody West's application for lawful permanent residence, as well

27  as attorney's fees and costs.

28  ///

                                  1

1    Presently before the Court is Defendants' application for
2  reconsideration pursuant to Federal Rule of Civil
3  Procedure 59(e).  Defendants seek reconsideration of this Court's
4  earlier order (ECF No. 23) denying Defendants' Motion for Summary
5  Judgment pursuant to Federal Rule of Civil Procedure 56(c).
6  Pointing to the narrow scope of review afforded to federal courts
7  under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701
8  et. seq., Defendants request that this Court reconsider the issue
9  of inadmissibility due to Melody's misrepresentation of a
10 material fact when she attempted to gain entry into the United
11 States.

12    For the reasons set forth below, Defendants' Motion for
13 Reconsideration is granted.

14

15                        **BACKGROUND**[1]

16

17    The present dispute centers around the immigration status of
18 Plaintiff Melody West, a citizen of Canada.  On January 3, 2008,
19 Melody and her father Mark, a U.S. citizen living in Canada, were
20 detained while crossing the border between the U.S. and Canada
21 near Seattle, Washington.  During interrogation by Customs and
22 Border Protection ("CBP"), Melody initially indicated that she
23 was entering the United States to attend a two-week yoga class in
24 Nevada City, California, and that afterwards she would return to
25 Canada.  (Defs.' Cross-Mot. Summ. J. 4.)

26

27         [1] The facts in this section are taken from the Plaintiffs'
   and the Defendants' Statements of Undisputed Material Facts
28 unless otherwise noted.

                                2

When CBP contacted the yoga school, they discovered that Melody had been living in Nevada City since 2006, contrary to her claims that she had been living in Canada.  (Id.)  When confronted with this information, Melody maintained that she had been living in Canada, not the United States, between 2006 and 2007.  (Id.) Melody ultimately signed a sworn statement, however, in which she admitted that she  had been living in the United States since 2006, and that her father had coached her to provide answers to immigration officials.  (Id. at 5.)

Melody was then served with a Notice to Appear for removal proceedings, charging her with fraud in violation of 8 U.S.C. § 1182(a)(6)(C)(1).  The Notice provides that "you are an alien, who, by fraud or wilfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, or other documentation, or admission into the United States or other benefit provided under this Act."  According to the Notice, Melody had misrepresented an intent to return to her permanent residence.

Melody was conditionally released into the United States pending hearing on her Notice to Appear.  On June 17, 2008 she was granted leave to file a motion to terminate removal proceedings, which she did on July 14.  This motion challenged the Notice to Appear and the fraud charges as "facially defective."  (Pls.' Mot. Summ. J. Ex. A.)  The DHS opposed this motion, but in its opposition withdrew the charge of fraud without prejudice and substituted a lesser charge under 8 U.S.C. § 1182 (a)(7)(A)(i)(I) (immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document).  Id.

3

On September 4, 2008, in light of DHS's withdrawal of the fraud charge, the Immigration Judge denied the motion to terminate removal proceedings.

In November 2008, Melody moved to administratively close the proceedings in order to file an application for adjustment of status as the daughter of a U.S. citizen.  This motion was unopposed by DHS and granted by the Immigration Judge.  Melody's application for adjustment of status, however, was denied by the USCIS, a division of DHS, on August 27, 2009.  The denial stated two grounds for this decision: "you are ineligible for adjustment of status under INA § 245(a)[8 U.S.C. § 1255(a)], and you are inadmissible to the United States pursuant to INA § 212(a)(6)(C)(I) [8 U.S.C. § 1182(a)(6)(C)(i)]."  (Defs.' Cross-Mot. Summ. J. 6.)  As to the first ground, USCIS asserted that Melody was conditionally released into the U.S., which is not "parole" for the purposes of adjustment of status.  (Id.)  As to the second ground for denial, USCIS found that Melody was "inadmissible" pursuant to 8 U.S.C. § 1182(a)(6)(C)(I) due to her failure to timely retract misrepresentations made during questioning by immigration officials on January 3, 2008.  (Id.)

Plaintiffs brought the present action on October 9, 2009 seeking declaratory relief and a writ of mandamus.  Plaintiffs subsequently moved for summary judgment on May 13, 2010.  Defendants filed a cross-motion for summary judgment on May 20, 2010.  On July 29, 2010, this Court denied (ECF No. 23) both Plaintiffs' and Defendants' Motions for Summary Judgment.

///

///

In denying Defendants' Motion for Summary Judgment, the Court found that 1) Melody was "paroled" for the purpose of adjustment of status, and 2) there existed a genuine issue of fact regarding whether Melody "wilfully" misrepresented information such as to make her inadmissable pursuant to 8 U.S.C. §1182(a)(6)(C).  On August 25, 2010, Defendants timely applied for reconsideration on the sole issue of inadmissability.

**STANDARD**

Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court.  Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004).  A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988).  This principle is generally embodied in the law of the case doctrine.  That doctrine counsels against reopening questions once resolved in ongoing litigation.  Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 (9th Cir. 1989).  Nonetheless, under certain limited circumstances, the court has discretion to reconsider its prior decisions.

///
///
///
///
///
///

5

1   Pursuant to Local Rules, a motion for reconsideration must
2   set forth the material facts and circumstances surrounding the
3   motion, including: (1) what new or different facts or
4   circumstances are claimed to exist which did not exist or were
5   not shown upon such prior motion, or what other grounds exist for
6   the motion and (2) why the facts or circumstances were not shown
7   at the time of the prior motion.  E.D. Cal. L.R. 230(j).

8   A motion for reconsideration is treated as a Rule 59(e)
9   motion if filed within ten days of entry of judgment, but as a
10  Rule 60(b) motion if filed more than ten days after judgment.
11  See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248
12  F.3d 892, 898-99 (9th Cir. 2001).  Since this motion is seeking
13  reconsideration of a final disposition of claims against
14  Defendant and was filed more than ten days that final
15  disposition, the Court will treat it as a Rule 60(b) motion.

16  Rule 60(b) enumerates the grounds upon which a motion for
17  relief from an order or judgment may be made. It specifies that:

18          On motion and upon such terms as are just, the
        court may relieve a party or a party's legal
19      representative from a final judgment, order, or
        proceeding for the following reasons: (1) mistake,
20      inadvertence, surprise or excusable neglect; (2)
        newly discovered evidence which by due diligence
21      could not have been discovered before the court's
        decision; (3) fraud by the adverse party; (4) the
22      judgment is void; (5) the judgment has been
        satisfied; or (6) any other reason justifying relief.
23

24  Fed. R. Civ. Proc. 60(b).  Mere dissatisfaction with the court's
25  order, or belief that the court is wrong in its decision, are not
26  grounds for relief under Rule 60(b).
27  ///
28  ///

6

**ANALYSIS**

Federal judicial review of agency action is governed by the APA.  5 U.S.C. § 701; <u>Hoefler v. Babbit</u>, 139 F.3d 726, 728 (9th Cir. 1998).  Pursuant to the APA, a reviewing court may set aside an agency's finding only if it is found to be "arbitrary, capricious, [or] an abuse of discretion," "contrary to [a] constitutional right," "in excess of statutory jurisdiction," "without observance of procedure required by law," or "unwarranted by the facts."  <u>See</u> 5. U.S.C. 706(a).  Indeed, as acknowledged in the Court's prior Order, the Immigration and Nationality Act deems decisions on inadmissibility "conclusive unless manifestly contrary to law," thus reflecting the same deferential standard set forth by the APA.  <u>See</u> 8 U.S.C. § 1252(b)(4)(c).

Ultimately, resolution of this action rests on a determination of whether USCIS's denial of Melody West's application for adjustment of status was an unlawful "abuse of discretion" or "manifestly contrary to law" on the issue of inadmissibility.  The function of the reviewing court is solely "to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did."  <u>Occidental Eng'g Co. v. INS</u>, 753 F.2d 766, 770; <u>see also</u> <u>Nw. Motorcycle Ass'n v. United States Dep't of Agric.</u>, 18 F.3d 1468, 1472 (9th Cir. 1994).

///

///

///

1    Under such stringent standards, where the Court's scope of review

2    is markedly narrowed, summary judgment may be utilized by the

3    courts as "an appropriate mechanism for deciding the legal

4    question of whether the agency could reasonably have found the

5    facts that it did."  <u>Occidental</u>, 753 F.2d at 770.

6         The Court previously declined to reach a final determination

7    on the issue of inadmissability, however it chooses to do so now.

8    Whereas Defendants' denial of Melody's application on the basis

9    of parole status was unwarranted under the law, the Court finds

10   that the administrative record supports a finding that Melody was

11   inadmissable due to misrepresentations she made to border

12   officials during Melody's attempt to gain entry into the United

13   States January 3, 2008.  The sworn testimony of Melody West

14   verifies that upon initial questioning by CBP she misrepresented

15   her residency and length of stay in the United States.  (Admin.

16   Record 294-296.)  The Immigration Judge determined that her

17   retraction was not timely as it was done at the first

18   opportunity.  (Admin. Record 294-296.)

19        Resultantly, the subsequent denial of Melody's application

20   for adjustment of status on the basis of inadmissability is

21   supported by facts in the record.  Plaintiffs argue in Opposition

22   to Defendants' Motion for Summary Judgment that the doctrine of

23   *res judicata* should preclude Defendants from denying Melody's

24   application on the basis on misrepresentation when it had

25   previously chosen to withdraw charges of misrepresentation in the

26   course of removal proceedings.

27   ///

28   ///

1  Plaintiffs rely on the Ninth Circuit's ruling in Bravo-Pedroza v.
2  Gonzales, for the proposition that DHS is precluded from
3  "initiating a second deportation case on the basis of a charge
4  that [it] could have brought in the first case". Bravo-Pedroza
5  v. Gonzales, 475 F.3d 1358 (9th Cir. 2007). However, here DHS is
6  not reinitiating deportation proceedings, but rather denying an
7  application for permanent status. Moreover, application of res
8  judicata requires a final judgment on the merits. Poblete
9  Mendoza v. Holder, 606 F.3d 1137, 1140-41 (9th Cir. 2010). DHS's
10 withdrawal of charges does not constitute a final judgment on the
11 merits, but instead was an exercise of discretion committed to
12 the agency. 8 U.S.C. § 1252(g).
13     Accordingly, the Court revises its position, finding that
14 resolution of this action is appropriate at the summary judgment
15 stage. Defendants' denial of Melody's application for adjustment
16 of status on the basis of inadmissability is sufficiently
17 supported by the administrative record. As such, summary
18 judgment in favor of Defendants is warranted.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1

**CONCLUSION**

2

3        For the reasons set forth above, Defendants' Application for
4 Reconsideration (ECF No. 27) is GRANTED.  The Court revises its
5 Order at ECF No. 23 and hereby grants Defendants' Motion for
6 Summary Judgment (ECF No. 18).  The Clerk is directed to enter
7 judgment in favor of Defendants and close the file.
8        IT IS SO ORDERED.
9
 Dated: September 2, 2010
10
11                                    _____
12                                    MORRISON C. ENGLAND, JR.
                                      UNITED STATES DISTRICT JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28